**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PRECISE DIAGNOSTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0461-K |
| | § | |
| XAVIER BECERRA, Secretary, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Xavier Becerra's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 16) (the "Motion to Dismiss"), to which Plaintiff Precise Diagnostics, LLC filed a response (Doc. No. 24) and Defendant replied (Doc. No. 27). Also before the Court is Plaintiff's Motion for Leave to File a Sur-Reply (Doc. No. 28) (the "Motion for Leave"), to which Defendant filed a response (Doc. No. 29) and Plaintiff replied (Doc. No. 30). The Court has carefully considered both motions, the responses, replies, applicable law, and relevant portions of the record. For the following reasons, the Court concludes Plaintiff failed to properly channel its claims through the United States Department of Health and Human Services, thus depriving the Court of subject-matter jurisdiction. The Court

also finds that allowing a sur-reply is unwarranted in this case. Therefore, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Motion for Leave.

## I. Factual and Procedural Background

Plaintiff Precise Diagnostics, LLC is an independent clinical laboratory that participates in the Medicare program and provides laboratory services to Medicare beneficiaries in Dallas County. Pl.'s Compl. (Doc. No. 1) ¶¶ 4, 19 (all record citations herein are to the document-assigned page or paragraph numbers). Medicare is a national health insurance program administered by the Centers for Medicare & Medicaid Services ("CMS"), which is an agency within the United States Department of Health and Human Services ("HHS"). *Id.* ¶ 5. As a Medicare provider, Plaintiff submits claims for payment to Novitas Solutions, a Medicare Administrative Contractor. *Id.* ¶ 11. Those claims are subject to review by a Unified Program Integrity Contractor ("UPIC") for suspected fraud, waste, abuse, and improper payments. *Id.*

On May 13, 2022, the UPIC Qlarant Integrity Solutions, LLC issued a notice of suspension of Medicare payments to Plaintiff pursuant to 42 C.F.R. § 405.371(a)(2). *Id.* ¶ 22. According to Qlarant, Plaintiff had "misrepresented services billed to the Medicare program" and "did not submit records that showed the results were reviewed, considered in the treatment plan, or assisted in the management/treatment of the beneficiary per Local Coverage (LCD) guidelines." *Id.* ¶ 25. Qlarant also asserted that the records submitted "were inconsistent (i.e., some documentation referenced right foot great toe while other documentation for the same

date of services referenced left foot second toe)." *Id.* In addition, Qlarant claimed the records did not support the medical necessity of the services billed. *Id.* As a result, all Medicare payments owed to Plaintiff were withheld pending resolution of the ongoing investigation. *Id.* ¶ 23.

On October 27, 2022, Qlarant sent Plaintiff a Notice of Termination of Suspension of Medicare Payments. *Id.* ¶ 27. Plaintiff alleges that, despite the termination letter, CMS continued to suspend its Medicare payments. *Id.* ¶ 28. While the suspension was still ongoing, Defendant Xavier Becerra, in his capacity as then-Secretary of the HHS, issued two notices of Medicare overpayment to Plaintiff: a November 28, 2022, notice for $15,940.21, and a December 8, 2022, notice for $2,319,609.56. *Id.* ¶¶ 33–34.

Plaintiff filed suit regarding the May 2022 suspension and its continuation after the October 27, 2022, notice of termination. *See generally id.* Plaintiff alleges Defendant has illegally confiscated over $245,698.66 in suspended payments. *Id.* ¶¶ 2–3. Plaintiff brings claims for violation of its due process rights, *id.* ¶¶ 67–73, violation of its patients' due process rights and access to Medicare, *id.* ¶¶ 74–77, arbitrary and capricious actions by Defendant, *id.* ¶¶ 78–80, *ultra vires* withholding of Medicare payments, *id.* ¶¶ 81–83, and mandamus, *id.* ¶¶ 84–87. Plaintiff also requests a temporary restraining order, *id.* ¶¶ 88–94, preliminary injunction, *id.* ¶ 95, permanent injunction, *id.* ¶ 96, and declaratory relief, *id.* ¶ 97. Defendant moves to dismiss based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and

12(b)(6) for failure to state a claim upon which relief can be granted. *See generally* Doc. No. 16. Plaintiff also moves for leave to file a sur-reply, *see generally* Doc. No. 28, Pl.'s Reply to Mot. for Leave (Doc. No. 30), which Defendant opposes, *see generally* Def.'s Resp. to Mot. for Leave (Doc. No. 29).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Under Rule 12(b)(1), a party may challenge the subject-matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). The district court may dismiss for lack of subject-matter jurisdiction based solely on the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court must accept all nonfrivolous allegations in the complaint as true, *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *McClain v. Pan. Canal Comm'n*, 834 F.2d 452, 454 (5th Cir. 1987)), and if the court determines that it lacks subject-matter jurisdiction, it must dismiss the action, FED. R. CIV. P. 12(h)(3).

If a case survives a Rule 12(b)(1) challenge, the court may then consider a Rule 12(b)(6) claim and other motions. *See Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id*. at 570. If a plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, the claim has facial plausibility. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Parties may also bring a motion for leave to file a sur-reply if the movant asserts new legal theories or evidence in the reply. *Williams v. Aviall Servs. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003); *Zurich Am. Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 695 (N.D. Tex. 2016) (Godbey, J.). Sur-replies, however, are highly disfavored and permitted only in very limited circumstances. *Campoamor v. Cengage Learning, Inc.*, No. 3:09-CV-0921-M, 2010 WL 11618843, at *1 (N.D. Tex. June 10, 2010) (Lynn, J.); *see also* N.D. Tex. Civ. L.R. 7.1 (motion practice limited to response filed by nonmovant and reply filed by movant). Leave to file a sur-reply is not justified if the proposed sur-reply is simply a restatement of the arguments made in the party's response. *See Williams*, 76 F. App'x at 535. Moreover, arguments in a reply are not "newly asserted" if they were raised in the motion or are within the scope of the arguments contained in the response. *Campoamor*, 2010 WL 11618843, at *1.

## III. Application of the Law

### A. Sur-Reply

Before addressing the Motion, the Court must determine whether to allow a sur-reply, as that decision will dictate which materials the Court may consider in its analysis. *See Lagos v. Cogent Comm's, Inc.*, No. H–11–4523, 2014 WL 12776418, at *12 (S.D. Tex. Mar. 12, 2014). Here, Plaintiff moves to file a sur-reply that clarifies matters Defendant argues Plaintiff "admitted" or "conceded" in its Response. Mot. for Sur-reply (Doc. No. 28) at 3. The Court finds that allowing a sur-reply covering such matters is not appropriate in this case. Plaintiff's contentions that it has not "admitted" or "conceded" the arguments Defendant says it has is "nothing more than an attempt to get the last word." *FTC v. Match Grp., Inc.*, No. 3:19-CV-2281-K, 2022 WL 877107, at *13 (N.D. Tex. Mar. 24, 2022) (Kinkeade, J.) (citation modified). Therefore, the Court **denies** Plaintiff's Motion for Leave.

### B. Rule 12(b)(1) Motion to Dismiss

The Court now turns to the jurisdictional challenge raised in the Motion pursuant to Rule 12(b)(1). *See Alabama-Coushatta Tribe of Tex.*, 757 F.3d at 487. Federal courts' ability to exercise jurisdiction over claims "arising under" the Medicare Act (the "Act") is sharply limited. *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012); *see also Baylor All Saints Med. Ctr. v. Kennedy*, 161 F.4th 298, 302–03 (5th Cir. 2025). Under 42 U.S.C. § 405(g) and (h), when dealing with claims "arising under" the Act, federal courts are vested with jurisdiction only after the claimant has channeled

its claims through the HHS and obtained a "final decision." *See Generous Home Care Mgmt., LLC v. Becerra*, No. 5:23-CV-00330-FB, 2024 WL 3843789, at *3 (W.D. Tex. July 22, 2024) (citing *Fam. Rehab., Inc. v. Azar*, 886 F.3d 496, 500 (5th Cir. 2018)); *Confirm Laboratory, LLC v. Becerra*, No. 3:23-CV-0460-S, 2024 WL 1348422, at *2 (N.D. Tex. Mar. 28, 2024) (Scholer, J.) (citing *Fam. Rehab.*, 886 F.3d at 500). Known as the "channeling" or "exhaustion" requirement, it "assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).

The channeling inquiry turns on two questions. The first question courts must ask is whether the claim arises under the Act. If it does, the next question is whether the claimant has obtained a final decision from the HHS. Barring an applicable exception, federal courts have jurisdiction only if both conditions are satisfied. *See Nat'l Infusion Ctr. Ass'n v. Becerra* (*NICA*), 116 F.4th 488, 504–05 (5th Cir. 2024) (Elrod, J.) (citations omitted). Otherwise, the court must typically dismiss the case for lack of subject-matter jurisdiction. *Chambers v. Berryhill*, No. 3:19-CV-1062-K-BH, 2020 WL 5099829, at *5 (N.D. Tex. Aug. 12, 2020) (Ramirez, M.J.) (citing 42 U.S.C. § 405(g)), *report and recommendation adopted*, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020) (Kinkeade, J.).

Whether Plaintiff's claims arise under the Act is not at issue in this case. *See* Doc. No. 24 at 8–9; Doc. No. 1 at ¶ 66. Instead, this dispute centers on the second

question: whether Plaintiff properly channeled its claims through the HHS. *See, e.g.*, *Confirm Laboratory, LLC*, 2024 WL 1348422, at *2. Plaintiff does not allege it exhausted its administrative remedies. Doc. No. 1 at ¶ 66. Instead, Plaintiff invokes three exceptions to the administrative exhaustion requirement. Plaintiff urges that the Court has subject-matter jurisdiction under the (1) collateral claim, (2) "no review at all," and (3) mandamus jurisdiction exceptions. Doc. No. 24 at 5–6. Taking influence from Judge Scholer's well-reasoned opinion in *Confirm Laboratory, LLC v. Becerra*, the undersigned concludes that those exceptions are inapplicable, the Court lacks jurisdiction, and the case must be dismissed. *See generally* 2024 WL 1348422.

**1. Collateral Claim Exception**

Plaintiff first argues the Court has subject-matter jurisdiction under the collateral claim exception. Doc. No. 1 ¶ 6. Under this exception, even when the plaintiff has not exhausted its administrative remedies, the court still has jurisdiction over claims (1) that are entirely collateral to a substantive agency decision, and (2) for which full relief cannot be obtained at a postdeprivation hearing. *Fam. Rehab.*, 886 F.3d at 501 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330–32 (1976)). The claim is not collateral if it requires the court to "examine the merits of the underlying dispute, delve into the statute and regulations, or make independent judgments as to plaintiffs' eligibility under a statute." *Id.* at 503 (citations omitted); *Confirm Laboratory, LLC*, 2024 WL 1348422, at *3 (citations omitted). Full relief cannot be obtained at a postdeprivation hearing if the plaintiff "raises at least a colorable claim that erroneous recoupment will

damage it in a way not recompensable through retroactive payments." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *3 (citation modified); *see also Fam. Rehab.*, 886 F.3d at 504 (citations omitted).

As to the first element, the Court concludes that Plaintiff's claims are not collateral to a substantive agency decision. *See Confirm Laboratory, LLC*, 2024 WL 1348422, at *3 (rejecting similar argument). The Court reaches this conclusion for two reasons. First, Plaintiff seeks substantive, administrative relief in the form of monetary payment. *See id*. Plaintiff asks the Court to compel Defendant "to immediately refund the $245,698.66 confiscated and any other payments withheld after the October 27, 2022, termination of the suspension." Doc. No. 1 ¶ 2. Each of Plaintiff's claims seeks relief tied to the payments Defendant allegedly withheld. Claims 1 through 4 ask the Court to enjoin Defendant from continuing the post-October 27, 2022, suspension of payments. *Id.* ¶¶ 73, 77, 80, 83. Claim 5 asks the Court to order Defendant to stop withholding $245,698.66 in payments. *Id.* ¶ 87. "Although Plaintiff sues for money damages rather than Medicare benefits, the money damages it seeks would compensate it for Defendant's premature recoupment." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *3 (citing *Griego v. Leavitt*, No. 3:07-CV-1708-D, 2008 WL 2200052, at *10 (N.D. Tex. May 16, 2008) (Fitzwater, C.J.)) (citation modified). Plaintiff's requests for money, therefore, are "an indirect suit for Medicare benefits" and not collateral. *Id.*

Second, Plaintiff's claims would require the Court to immerse itself in Medicare statutes and regulations as well as the merits of Defendant's suspension of Plaintiff. Defendant suspended Plaintiff's benefits on suspicion of fraud. Doc. No. 1 ¶¶ 22–23. Plaintiff counters that such benefits were "earned," *see id.* ¶¶ 69–71 (Count 1), 76–77 (Count 2), 79 (Count 3), 82 (Count 4), 87 (Count 5), and that Defendant's withholding of payments is "illegal" and "ultra vires," *see id.* ¶¶ 73 (Count 1), 77 (Count 2), 80 (Count 3), 83 (Count 4), 87 (Count 5). Plaintiff dedicates nearly five pages of its Complaint to why there was no fraud, *see id.* ¶¶ 49–61, while Defendant contends that Plaintiff's payment submissions "did not meet Medicare requirements," Doc. No. 16 at 1. Further, Plaintiff describes its suspension as impermissibly "indefinite." Doc. No. 1 ¶¶ 6, 16, 42, 44, 49, 64, 69. Defendant responds that the suspension cannot be indefinite because it needs to be reevaluated every 180 days under Medicare regulations. Reply (Doc. No. 27) at 7 (citing 42 C.F.R. § 405.371(b)(1)–(2)). Each of these disputes are central to Plaintiff's claims and concern Medicare regulations about valid invoices and suspension programs. *See Confirm Laboratory, LLC*, 2024 WL 1348422, at *3. Evidently, for the Court to fully address these claims, the Court would "necessarily have to immerse itself in Medicare regulations and make a factual determination as to whether Plaintiff was actually in compliance." *Id.* (citing *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 285–86 (5th Cir. 1999)) (citation modified).

For these reasons, the first element is not satisfied—Plaintiff's claims are not entirely collateral to a substantive agency decision. *See id.* Therefore, the Court does not reach the second element and concludes that the collateral claim exception does not apply in this case. *Id.* at *4 n.5 ("Because the Court concludes that the first *Eldridge* element is not satisfied it does not reach the second.").

### 2. No Review at All Exception

Plaintiff next argues the Court has jurisdiction under the "no review at all" exception. *See* Doc. No. 1 ¶ 7 (quoting *Ill. Council*, 529 U.S. at 19); Doc. No. 24 at 6, 9–11. Under this exception, a court will have jurisdiction over a claim arising under the Act if Section 405 "would not simply channel review through the agency but would mean no review at all." *Ill. Council*, 529 U.S. at 19. This exception is narrow and only available when "going through the agency would result in complete preclusion of judicial review." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *4 (citing *Fam. Rehab.*, 886 F.3d at 501, 504). The "plaintiff must show either that its claim administratively is a legal impossibility or that it faces a serious practical roadblock to having its claims reviewed in any capacity, administratively or judicially." *Id.* (citing *Fam. Rehab.*, 886 F.3d at 505) (citation modified).

Plaintiff has not shown that it cannot have its claims reviewed, either practically or legally. *See id.* Administrative review is available for Medicare payments that are withheld subject to an overpayment determination. *Id.* CMS suspended Plaintiff's payments under 42 C.F.R. § 405.371(a)(2) following credible allegations of fraud. Doc.

No. 1 ¶ 22. Correspondence between Plaintiff and Qlarant culminated in Qlarant issuing overpayment demand letters on November 28, 2022, and December 8, 2022. Doc. No. 1 ¶¶ 33–34. "Those overpayment determinations count as 'initial determinations' that trigger the multi-step administrative appeals process for a provider to follow if it is dissatisfied with the initial overpayment determination." *Id.* (citing *True Health Diagnostics, LLC v. Azar*, 392 F. Supp. 3d 656, 661 (E.D. Tex. 2019)). The plaintiff can seek review in federal court only after it receives a decision from the overpayment appeals process. *Id.* (citing *True Health Diagnostics, LLC*, 392 F. Supp. 3d at 661). Accordingly, Plaintiff fails to demonstrate complete preclusion of judicial review.

Plaintiff also contends that appeals for overpayment are irrelevant because its challenge is to the Medicare payment suspension itself, "which [was] imposed without a right to a hearing or administrative appeal." Doc. No. 24 at 11. But "the fact that the agency might not provide a hearing for that *particular contention*, or may lack the power to provide one, is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *5 (citing *Ill. Council*, 529 U.S. at 23). As discussed above, Plaintiff was subject to an overpayment determination and the subsequent appeals process. Once Plaintiff exhausts this process, "it may bring its claims—including any statutory or constitutional contention that the agency does not, or cannot, decide—before the Court." *Id.* at *5 (citing *Ill. Council*, 529 U.S. at 23–24). Therefore, because Plaintiff

fails to demonstrate that channeling review through the agency would mean no review at all, the exception does not apply. *See id.* (citing *Arthritis Treatment of Tex., PLLC v. Azar*, No. 3:16-CV-3470-S, 2018 WL 6592664, at *6 (N.D. Tex. Dec. 14, 2018) (Scholer, J.)).

### 3. Mandamus Jurisdiction

Last, Plaintiff argues the Court has mandamus jurisdiction. Doc. No. 1 ¶ 3. Under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is "an extraordinary remedy reserved for extraordinary situations." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *5 (citing *Winningham v. U.S. Dep't of Hous. & Urb. Dev.*, 512 F.2d 617, 620 (5th Cir. 1975)). "For mandamus jurisdiction to exist, a plaintiff must ask the court to compel the defendant to complete 'affirmative actions' related to a nondiscretionary duty owed to plaintiff." *Id.* (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)). Mandamus jurisdiction "does not confer jurisdiction over other types of relief, such as injunctive relief that seeks the undoing of injurious acts and the restoration of the status quo or a remedy to restrain the doing of injurious acts." *Id.* (citing *Wolcott*, 635 F.3d at 766). In the Medicare context, "mandamus jurisdiction is not precluded by 42 U.S.C. § 405(h) and is available to plaintiffs to review otherwise unreviewable procedural issues." *Id.* (citing *Fam. Rehab.*,

886 F.3d at 505). "A plaintiff may seek a writ of mandamus without exhausting all other avenues of relief." *Id.* (citing *Fam. Rehab.*, 886 F.3d at 506).

In this case, the Court lacks mandamus jurisdiction for two reasons. *See id.* (rejecting a similar argument). First, Plaintiff seeks only injunctive relief. Each of Plaintiff's claims asks the Court to enjoin Defendant from taking certain actions rather than to compel Defendant to perform a nondiscretionary duty. Claims 1 through 4 each conclude: "Accordingly, Plaintiff is entitled to injunctive relief." Doc. No. 1 ¶¶ 73, 77, 80, 83. Claim 5 similarly asks the Court to "issue a decision compelling Defendant to cease its continued withholding" of Plaintiff's Medicare payments. *Id*. ¶ 87. Plaintiff's requests for a temporary restraining order, preliminary injunction, permanent injunction, and declaratory relief likewise ask the Court to prohibit Defendant from taking certain actions. *See id*. ¶¶ 88–97. Plaintiff summarizes its requested relief by explaining that it "seeks injunctive relief that restrains HHS from its continued illegal confiscation of payments and seeks affirmative injunctive relief that orders the government to return the provider's property . . . thereby reestablishing the *status quo*." Doc. No. 24 at 6–7. Thus, "the Court does not have mandamus jurisdiction over Plaintiff's claims because they would require the court to prohibit Defendant from acting in a certain manner in the future rather than compel Defendant to affirmatively perform a presently existing duty under the law." *Confirm Laboratory, LLC*, 2024 WL 1348422, at *5 (citation modified).

Second, Plaintiff does not identify a nondiscretionary duty that Defendant owes. Plaintiff alleges that Defendant had a "clear duty to . . . cease its continued withholding of Plaintiff's earned Medicare payments . . . [and to give Plaintiff] an immediate refund of $245,698.00 and any other payments withheld after the suspension was terminated." Doc. No. 1 ¶ 3. Plaintiff also alleges that Defendant's continued withholding of payments is illegal. *Id*. ¶ 38. But Plaintiff does not identify any constitutional or statutory provision that imposes that duty. *Confirm Laboratory, LLC*, 2024 WL 1348422, at *6 (citing Dunn-*McCampbell Royalty Int., Inc. v. Nat'l Park Serv*., 112 F.3d 1283, 1288 (5th Cir. 1997)). Instead, Plaintiff acknowledges that the Medicare Act authorizes CMS to suspend payments when, as here, it suspects fraud. *See* Doc. No. 1 ¶¶ 13–15; *see also* 42 C.F.R. § 405.371(a)(2) (authorizing CMS to suspend payments based on suspected fraud). Because "Plaintiff cites to no authority establishing as a matter of law that Defendant has a clearly established duty, so plainly established as to be free from doubt," the Court concludes that Plaintiff has not identified a nondiscretionary duty that Defendant owes. *Confirm Laboratory, LLC*, 2024 WL 1348422, at *6 (citing *Infinity Healthcare Servs., Inc. v. Azar*, 349 F. Supp. 3d 580, 586 (S.D. Tex. 2018)) (citation modified). Accordingly, Plaintiff has not carried its burden to establish that the Court has subject-matter jurisdiction over its mandamus claim. *Id*.

In sum, the collateral claim, "no review at all," and mandamus jurisdiction exceptions do not apply in this case. Therefore, Plaintiff does not have a justifiable excuse for failing to channel its claims through the HHS. The Court lacks subject-matter jurisdiction and the Motion to Dismiss must be **granted** pursuant to Rule 12(b)(1). *See Ramming*, 281 F.3d at 161. Dismissal is **without prejudice** to Plaintiff's right to pursue relief through the Act's administrative process and to appeal any final decision of the Secretary.

### C. Rule 12(b)(6) Motion to Dismiss

"When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claims." *Pillar Panama, S.A. v. DeLape*, 326 F. App'x 740, 743 (5th Cir. 2009) (quoting *Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. Unit B Mar. 1981)). As stated above, the Court concludes it lacks subject-matter jurisdiction because Plaintiff's claims arise under the Act and there is not an applicable exception. Thus, the Court does not reach Defendant's 12(b)(6) argument.

## IV. Conclusion

The Court **DENIES** Plaintiff's Motion for Leave to File a Sur-Reply because it is nothing more than an attempt to get the last word. *See Match Grp.*, 2022 WL 877107, at *13. As to Defendant's Motion to Dismiss, the Court concludes it lacks subject-matter jurisdiction because Plaintiff was required, but failed, to channel its Claims through the United States Department of Health and Human Services and exhaust its administrative remedies under the Medicare Act. All of Plaintiff's attempts to excuse

its non-compliance with the channeling requirement fail; the collateral claim, "no review at all," and mandamus jurisdiction exceptions are inapplicable. Therefore, the Court **GRANTS** the Motion to Dismiss pursuant to Rule 12(b)(1) and the Claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Signed August 26th, 2026.



ED KINKEADE
UNITED STATES DISTRICT JUDGE